By the Court. Moncrief, J.
—The parties to this action had been partners (together with one Vanderbilt, who assigned his interest to the defendants in the month of November, 1855). By the articles of copartnership, fifteenth provision, it was agreed “that in the event of the dissolution of the copartnership, as hereinabove provided for, any time before its expiration by its own limitation, either by the death or retirement of either or any of its members, any two or more of the parties hereto may continue a copartnership; and in case of such continuance, a full, true and accurate statement and account of the interest in, and share of the capital and assets of the copartnership at the time of such dissolution, of any or either of the parties hereto who may so die or dissolve the copartnership by giving notice as aforesaid, shall, within one month from the time, of such dissolution be made out, prepared and furnished, on demand, to the party hereto who may so dissolve the copartnership, or to the personal representatives of the party hereto who may so die; and the parties hereto who shall then elect to continue as *541 copartners in the business of this copartnership, shall be allowed one year from the time of such dissolution within which to pay off the interest in, and share of the capital and assets of the said copartnership of the party who shall so dissolve the same, or who shall so die; and the said parties may not be compelled, until the expiration of said year, to pay the same, and interest thereon shall be allowed at the rate of seven per centum per annum, payable semi-annually.” The right to dissolve, and the actual dissolution of the copartnership, by the giving of the notice provided by the said agreement, are not questioned. The plaintiff properly dissolved the copartnership and legally withdrew from the firm on the 2d day of April, 1856.
The complaint avers “that no settlement has ever been had of the accounts of said business, or of the interest of the plaintiff therein; that the defendants have not paid him for the use and occupation of said premises, fixtures and machinery. And the plaintiff claims that he is entitled to demand and receive from said defendants such sum as shall be reasonable for the use and occupation thereof since the 2d day of April, 1856, or that he is entitled to recover the interest on the amount due to him' at the time he withdrew from said firm.”
The plaintiff, in his complaint, demanded that said defendants may be decreed to render an account of the stock, fixtures, machinery and. effects of, or belonging to said copartnership at the time the plaintiff withdrew from said firm, &c., &c.
The complaint did not aver that an account was rendered to him pursuant to the provisions of the articles of copartnership; on the contraiy, assuming the allegation above quoted to be true, the fact was that no account had been rendered, and the. complaint was filed to obtain such an accounting and for judgment thereon. The defendants admitted the making of the agreement and the giving notice of dissolution by the plaintiff to the effect as alleged in the complaint and schedule thereto annexed; the defen *542 dants denied the claims of the plaintiff, and also set up a counter-claim.
The issues, therefore, to be tried and determined embraced as a material matter of fact, among other things, the value of th'e “stock, fixtures, machinery and effects of, or belonging to said copartnership at the time the plaintiff withdrew from said firm.”
The action did not proceed upon “ a full, true and accurate statement and account of the interest and share of thó capital and assets of the copartnership at the time of such dissolution,” duly prepared, made out and furnished by the defendants to the plaintiff “within one month from the time of such dissolution.”
The plaintiff proceeded to prove the allegations in his complaint, upon the assumption that no such value as the articles of partnership contemplated should be agreed upon, had been assented to or fixed by the rendition of such a statement by the defendants.
The witness, Vanderbilt, was called by the plaintiff to prove the value of the copartnership property, (the plaintiff having previously been examined upon the same subject,) and thereupon the plaintiff rested his case.
The witness, Vanderbilt, testified, on behalf of the plaintiff, on his direct examination, that he knew the property in dispute in the latter part of 1855; that at that time the whole value of the realty and personalty was $23,000 or $24,000; the personalty about $12,000. Upon being cross-examined, and after having stated that this valuation was without the aid or the presence of his memoranda thereof, and that he sold out, in November, 1855, to the defendants, the question was put:

What did you sell out your one-quarter interest in this property, real and personal, for?

The counsel for the plaintiff objected to the question as immaterial, and the court sustained the objection, and the defendants excepted.
The matter sought to be elicited was material and important. Upon the value, as it should be found by the *543 court, the judgment against the defendants was to be based. The question put by the defendants, although it had reference to a period of time which the court might rule was not the .proper point of time, at which to determine the value of the property, so far as the rights of the plaintiff were concerned, was yet not improper or immaterial, as it might elicit evidence tending to show that the estimate made and stated in the direct examination was totally inaccurate and unreliable. The objection should have been overruled and the answer of the witness taken. The ruling being clearly erroneous, the judgment must be reversed and a new trial ordered, with costs to abide the event.
Ordered accordingly.